IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

**MIGUEL AMEZCUA PEREGRINA,**
individually and
on behalf of all others
similarly situated,   Civil Action No.: 1:20-cv-01032-SO

*Plaintiff,*

v.

**SEAM GROUP, LLC,**

*Defendant.*

**FINAL APPROVAL ORDER**

Based on the Joint Motion for Final Approval of the Proposed Settlement, the Final Fairness Hearing, and good cause shown, IT IS HEREBY ORDERED:

1. The Settlement Agreement, dated March 24, 2021, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein, are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> *All non-U.S. citizen guest workers who performed services for SEAM Group or Predictive Service at any time within ten years prior to the filing of the Complaint, and comprised of the 28 individuals on the Class and Collective List.*

3. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified the following FLSA Collective for settlement purposes:

> *All non-U.S. citizen guest workers who performed services for SEAM Group or Predictive Service at any time within three years prior to the filing of the Complaint, and comprised of the 28 individuals on the Class and Collective List.*

4. The Court hereby finds that the Settlement Agreement is the product of arm's length settlement negotiations among the Named Plaintiff, Class Counsel, and Defendant. The Court further finds that counsel for the Parties are experienced class action lawyers who vigorously asserted the positions of their respective clients and the Parties used a third-party mediator to facilitate settlement negotiations.

5. The Court hereby finds and concludes that notice of this action and the opportunity to opt-out of or object to the settlement was disseminated to members of the Settlement Class and Collective in accordance with applicable law, as well as the terms set forth in the Settlement Agreement in compliance with this Court's Preliminary Approval Order.

6. The Court further finds and concludes that the notice and settlement award distribution procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the Settlement Class and Collective who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class and Collective as contemplated in the Settlement and this Order.

7. The Court hereby finally approves the Settlement Agreement and the Settlement terms and conditions set forth therein, and finds that the terms and conditions constitute, in all respects, a "fair, reasonable, and adequate" settlement as to all Settlement Class and Collective Members in accordance with Rule 23(e) of the Federal Rules of Civil Procedure and other

applicable law, and directs its immediate consummation pursuant to its terms and conditions. Specifically, based on the submissions by Plaintiff with his Motions for Preliminary and Final Settlement Approval, the Court finds:

    a.    That this case involved a *bona fide* dispute over wages;

    b.    That the Class Representative and Class Counsel have at all times adequately represented the class;

    c.    That the settlement is the product of extensive, arm's-length negotiations, aided by a third-party mediator over the course of two mediations sessions and numerous subsequent negotiations;

    d.    That the settlement provides adequate relief for the Class and Collective Members, taking into account (1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-members claims; and (3) the terms of any proposed award of attorneys' fees, including timing of payment; and

    e.    That the settlement treats Class and Collective Members equitably relative to each other.

8.    Additionally, the Court finds that the settlement is fair, reasonable, and adequate based on:

    a.    The absence of fraud or collusion;

    b.    The complexity, expense, and likely duration of the litigation;

    c.    The amount of discovery engaged in by the parties;

        d.        The likelihood of success on the merits;

        e.        The opinions of Class Counsel and the Class Representative;

        f.        The reaction of absent class members; and

        g.        The public interest.

9. The Court finds that a material condition of Defendant's agreement to enter into the Settlement was the Settlement Class and Collective Members' release and waiver of claims as stated in the Settlement Agreement, including a release and waiver of all known and unknown claims of the Named Plaintiff.

10. The Court approves Class Counsel's application for $416,666.67 in attorneys' fees and $4,174.35 in out-of-pocket litigation expenses. The Court also approves the payment of $9,642.00 to the Settlement Administrator. These amounts shall be paid from the Maximum Settlement Amount. The Court finds that the requested attorneys' fees are in line with the Parties' Settlement Agreement, and are reasonable in light of (1) the value of benefits rendered to the class; (2) the value of services on an hourly basis; (3) whether services were undertaken on a contingent fee basis; (4) society's stake in rewarding attorneys who produce such benefits in order to maintain incentive to others; (5) the litigation's complexity; and (6) the professional skill and standing of counsel involved on both sides. The Court finds that the amount of time spent and the rates charged by Class Counsel are reasonable. The Court further finds that the costs requested are in line with the Parties' Settlement Agreement and are reasonable and relevant to the litigation.

11. The Court finds that all members of the Settlement Class, except those individuals who timely exercised their right to opt out of the Settlement, are hereby barred from suing Defendant as to any of the class claims released by the Settlement.

12. The Court further finds that all members of the Settlement Collective who timely gave consent to join the settlement are hereby barred from suing Defendant as to any of the collective claims released by the Settlement.

13. The Court orders compliance with the Settlement Agreement in all respects. The Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

14. This Court hereby dismisses this Action and all claims with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement.

15. Finding that there is no just reason for delay, the Court orders that this Final Approval Order and Judgment shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure that is binding on the Parties and the Settlement Class. The Clerk of the Court is directed to enter this Order on the docket forthwith.

August 30, 2021  /s/ Solomon Oliver, Jr.
Honorable Solomon Oliver, Jr.
United States District Court Judge